IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>RONALD L. MINER,<br>　　　　　　Defendant. | CASE NO: **4:19CR3005**<br><br>**DETENTION ORDER** |

On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. The defendant has not rebutted this presumption.

Based on the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds that the defendant has an extensive criminal history of violating the law and court orders; has a history of providing false information to law enforcement officers; violated conditions of release previously imposed by a court; has a significant history of assaults, domestic violence, and harming or threatening harm to others; is addicted to or abuses mood-altering

chemicals and is likely to continue such conduct and violate the law if released; has repeatedly failed to appear for court proceedings in the past; is currently serving a state sentence; presented no evidence opposing the presumption of detention; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Defendant is serving a state sentence, but during his detention hearing, he orally asked to enter federal custody at this time for immediate and final disposition of the pending federal indictment. Under the Interstate Agreement on Detainers Act (IADA), Defendant's request must first be submitted in writing in accordance with the Act to the warden, commissioner of corrections, or other official having custody of him. That written request can be made by the defendant (IADA, Art. III), or by the federal prosecutor (IADA, Art. IV). If the federal prosecutor makes this request, that request shall be first submitted to the undersigned magistrate judge for approval, recording, and transmission.

Directions Regarding Detention

1) The Marshal shall place a federal detainer on the defendant.

2) If Defendant invokes his rights under the IADA by submitting his written request to the state official having custody of him:

a) The defendant shall enter temporary federal custody as defined under the IADA;

b) The Marshal shall promptly advise my courtroom deputy of the date the defendant invoked his IADA rights in writing and the date he entered

temporary federal custody, and provide a copy of Defendant's written invocation of his IADA rights to my courtroom deputy for filing on this court's docket; and

c) My courtroom deputy shall promptly file Defendant's written invocation of IADA rights and enter a notice in the docket text which advises the court and all counsel that the defendant is now in temporary federal custody and states the date he invoked his IADA rights in writing and the date he entered temporary federal custody.

3) Upon entering federal custody, either temporarily upon invocation of his IADA rights or upon completing his state sentence, the defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

4) If Defendant invoked his IADA rights and his state sentence has not been fully served upon completion (including any sentencing proceedings) of this federal case, upon completion of the federal case, Defendant shall be returned to state custody to complete his state sentence, with a federal detainer entered to assure Defendant immediately begins serving any federal sentence entered in this case, if any, after Defendant's state sentence is fully served.

Dated January 29, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge